UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>    v.<br><br>GOTHAM DISTRIBUTING CORPORATION and OLD SCHOOL VENTURES, INC., individually and collectively d/b/a OLDIES.COM,<br><br>                Defendants. | Case No. 2:24-cv-06083-GJP |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff moves for leave to file a First Amended Complaint, and in support states as follows:

**Relief requested:** The Motion seeks an Order permitting the filing of the proposed First Amended Complaint ("FAC") attached hereto as Exhibit A. A redline of the operative Complaint and the proposed First Amended Complaint is attached hereto as Exhibit B.

**Grounds:** Plaintiff initiated this action with the Complaint on November 13, 2024. (Dkt. 1.) On January 3, 2025, the Parties stipulated and agreed to a 30-day extension of time for Defendants to respond to the complaint, which made the deadline January 27, 2025. (Dkt. 7.) On January 6, 2025, the Court accepted the Parties' stipulation. (Dkt. 8.) On January 24, 2025, the Parties stipulated and agreed to a 30-day extension of time for Defendants to respond to the Complaint, which made the deadline February 26, 2025. (Dkt. 9.) On January 28, 2025, the Court denied the Parties' stipulation to extend Defendants' time to respond for failing to provide a reason for the need for an extension. (Dkt. 10.) On January 30, 2025, Defendant Old School Ventures, Inc. filed a revised stipulation explaining that an extension was necessary to adequately investigate

{00256645 }

the allegations in the Complaint, which was delayed in part by limited availability during the holiday season. (Dkt. 13.) The Court accepted that stipulation and extended Defendants' deadline to respond to the Complaint through and including February 26, 2025. (Dkt. 14.)

On February 17, 2025, Defendant Old School Ventures, Inc. reached out to Plaintiff's Counsel to discuss the case, and a discussion occurred that afternoon. On February 18, 2025, Defendant Old School Ventures, Inc. and Plaintiff's Counsel began an informal exchange of information concerning resolution of the claims against that party. On February 21, 2025, Defendant Old School Ventures, Inc. provided some requested information to Plaintiff's Counsel. Upon receipt of this information, Plaintiff agreed to a fourteen-day extension of Defendant Old School Ventures, Inc.'s deadline to respond to the complaint while the information was reviewed. On February 24, 2025, Plaintiff requested clarification of some of the information produced by Defendant Old School Ventures, Inc., including whether any resolution was being pursued individually or collectively. That same day, Defendant Old School Ventures, Inc. confirmed that it was seeking individual resolution. On February 26, 2025, neither Defendant filed a response to the Complaint.

On February 28, 2025, Plaintiff reached out to Defendant Old School Ventures, Inc. concerning the status of the stipulation. That evening, Defendant Old School Ventures, Inc. responded with a draft stipulation. On February 28, 2025, Plaintiff also emailed counsel for Defendant Gotham Distributing Corporation to discuss the status of its response to the Complaint. Plaintiff and Defendant Gotham Distributing Corporation discussed the case over the phone. On March 3, 2025, Plaintiff approved the stipulation and Defendant filed the stipulation. (Dkt. 15.) On March 4, 2025, the Court denied the stipulation between Plaintiff and Defendant Old School Ventures, Inc. (Dkt. 16.)

On March 4, 2025, Plaintiff reached out to both Defendants concerning the Court's denial of the stipulation to further extend their time to respond to the Complaint. During these communications, Plaintiff suggested that an amended complaint be filed based on new information discovered concerning a nonparty to be added to this Action. On March 7, 2025, Plaintiff emailed a redlined version of the proposed First Amended Complaint to both Defendants. Neither Defendant responded until after Plaintiff left a voicemail for each Defendant and sent a follow-up email on March 14, 2025, to ascertain whether the Defendants consented to the filing of an amended complaint. Upon receipt of Plaintiff's email, Defendant Old School Ventures, Inc. responded to Plaintiff's Counsel indicating that it disagreed with Plaintiff's new allegations. On March 17, 2025, Plaintiff responded to Defendant Old School Ventures, Inc., indicating that the information provided was insufficient to render Plaintiff's new allegations incorrect. Plaintiff further advised Defendant Old School Ventures, Inc. to file a response to the Complaint or indicate whether it consented to the filing of the First Amended Complaint.

On March 20, 2025, an attorney for defendant Gotham indicated that Gotham did not object to the filing of the proposed First Amended Complaint. In light of Plaintiff's collegiality and the discovery of new information bearing on the corporate structure of the Defendants and an unnamed third party, Plaintiff now seeks leave pursuant to Rule 15(a) to file the attached FAC, which adds a new party to the lawsuit and includes additional allegations concerning Defendants' practices of disclosing Plaintiff's and its other customers' personal viewing information to third parties. Justice plainly requires permitting Plaintiff to make this routine amendment at the outset of the case. *See* Fed. R. Civ. P. 15(a)(2).

## STATEMENT OF FACTS

This putative class action is brought based on Defendants' violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 et seq. ("VPPA").  Defendants violated the VPPA in two ways: *first*, by renting, selling, exchanging, and otherwise disclosing the Personal Viewing Information it obtained through its sales of products to consumers without first providing consumers notice, and second, by knowingly installingacr the Meta Pixel on its website that regularly disclosed consumers' personally identifiable information to Meta Platforms, Inc. ("Meta").  *See* 18 U.S.C. § 2710(b)(1).

On February 26, 2025, Defendants failed to answer or otherwise respond to the Complaint. In lieu of moving for clerk's default and initiating unnecessary motion practice, Plaintiff now seeks leave to file the attached proposed FAC pursuant to Rule 15(a)(2).  The FAC adds factual allegations relevant to clarify a central issue in this case – the entities responsible for disclosing Plaintiff and putative class members' personally identifiable information.

No case management order has been entered, and thus no deadline to amend the pleadings has been set.  Because the Parties agreed to extensions of the deadline for Defendants to respond to the Complaint, Plaintiff, by no fault of his own, was unable to discover key facts about the unnamed third party until after the twenty-one-day period for Plaintiff to amend as a matter of right expired.  Moreover, discovery has not yet commenced.  Under the circumstances, "justice . . . requires" permitting Plaintiff to make the requested amendment pursuant to Rule 15.  *See* Fed. R. Civ. P. 15(a)(2).  Prior to the filing of the instant Motion, Plaintiff sought but was unable to obtain Defendant's consent to the relief requested herein.

## **MEMORANDUM OF LAW**

"Generally, Rule 15 motions should be granted."  *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016).  "This approach ensures

that a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Thus, leave to amend should be freely given unless, "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party[.]" *Simmons v. Simpson House, Inc.*, No. CV 15-06636, 2017 WL 1303476, at *4 (E.D. Pa. Apr. 7, 2017).

In this case, Plaintiff merely seeks leave to add a new party to the lawsuit who is alleged to have contributed to the VPPA violation presently alleged and to include additional allegations concerning Defendants' practices of disclosing Plaintiff's and its other customers' personal viewing information to third parties. Notably, none of the circumstances capable of warranting denial of leave to amend under Rule 15 – such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," *Forman,* 371 U.S. at 182 – are present here. This is Plaintiff's first request to amend, it comes at the outset of the case, Plaintiff has not unduly delayed (or exhibited any bad faith or dilatory motive) in making it, and Defendants would suffer no prejudice if it is allowed. In fact, Defendants are already in default and this amendment would restore their ability to provide a responsive pleading. No scheduling order has been entered, no formal discovery has been undertaken to date, and the amendment does not add any new claims.

For the reasons explained herein, Plaintiff respectfully submits that Plaintiff's modest request to amend under Rule 15 should be granted. *See Emmes Co., LLC v. SAP Am., Inc.*, No. CV 21-0019, 2021 WL 3271253, at *2 (E.D. Pa. July 29, 2021) (granting leave to amend some claims based on a party's reason that "miscommunications among counsel for missing the Court's

deadline and argues granting leave is appropriate because '[t]his case remains in its infancy, and no party will be prejudiced' by amendment."); *Beneficial Equip. Fin. Corp. v. REM Nation PLLC*, No. CV 18-00308, 2018 WL 5811471, at *3 (E.D. Pa. Nov. 6, 2018) (granting leave to amend and add parties); *Mittman v. Nationwide Affinity Ins. Co.*, No. CV 16-04658, 2017 WL 1319445, at *4 (E.D. Pa. Apr. 10, 2017); *Wood v. AmeriHealth Caritas Servs., LLC*, No. CV 17-3697, 2019 WL 4199955, at *2 (E.D. Pa. Apr. 18, 2019) (granting leave to amend to add IWPA claim); *Frederick v. Avantix Lab'ys, Inc.,* 773 F. Supp. 2d 446, 451 (D. Del. 2011).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests leave to file the proposed FAC.

Respectfully submitted,

Dated: March 20, 2025

/s/ *William E. Hoese*
William E. Hoese
Elias A. Kohn
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
Facsimile: (215) 238-1986
whoese@kohnswift.com
ekohn@kohnswift.com

-and-

Elliot O. Jackson
Florida Bar No. 1034536
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone:    (305) 357-2107
Facsimile:    (305) 200-8801
ejackson@hedinllp.com

*Counsel for Plaintiff and Putative Classes*