IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MULL,<br><br>        *Plaintiff,*<br><br>v.<br><br>GOTHAM DISTRIBUTING CORP., et al.,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 24-6083 |

**ORDER**

**AND NOW**, this 1st day of May 2025, upon consideration of Joseph Mull's unopposed Motion for Leave to Amend (ECF No. 17), it is hereby **ORDERED** that the Motion is **GRANTED**.[1]

Mull shall file the amended complaint by **Thursday, May 8, 2025**.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[1] Parties are entitled to amend their pleadings "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely give leave to amend "when justice so requires." *Id.* This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

Although Defendants have not provided written consent to the proposed amended complaint, Mull contends counsel for Gotham Distributing Corp. indicated that Gotham "did not object to the filing of the" amended complaint. (Mot. for Leave to Amend at 3, ECF No. 17.) In any event, neither Defendant filed a response in opposition to the motion for leave to amend. *See* Loc. R. Civ. P. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested . . . ."). Further, amending the complaint would not be futile, nor would it cause undue delay or prejudice to the Defendants, especially since Defendants missed the deadline to respond to the initial complaint. *See* (ECF No. 14).