# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>GOTHAM DISTRIBUTING CORPORATION, MVD ENTERTAINMENT GROUP, AND OLD SCHOOL VENTURES, INC., INDIVIDUALLY AND COLLECTIVELY D/B/A OLDIES.COM<br><br>  Defendants. | NO. 2:24-cv-06083-GJP<br><br>JUDGE GERALD J. PAPPERT |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MVD ENTERTAINMENT GROUP'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................... 1

III. LEGAL STANDARD ............................................................................................... 2

IV. ARGUMENT ............................................................................................................ 2

    A. The FAC Does Not Plausibly Allege that Old School is a Joint Venture between MVD and Gotham .............................................................. 3

        1) The FAC Does Not Allege Any Contributions by MVD to Old School .... 4

        2) The FAC Does Not Allege That Old School's Profits Were Shared Between MVD and Gotham ......................................................................... 4

        3) No Joint Proprietary Interest or Right of Mutual Control ........................... 5

        4) The FAC Does not Allege a Single Business Transaction ......................... 5

V. CONCLUSION ......................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................2, 4

*Beavers v. W. Penn Power Co.*,
    436 F.2d 869 (3d Cir. 1971)...........................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................................2

*Combustion Sys. Servs. v. Schuylkill Energy Res.*,
    No. 92-4228, 1993 U.S. Dist. LEXIS 17714 (E.D. Pa. Dec. 1, 1993)...................... 3, 4

*Fuhrman v. Mawyer*,
    2024 WL 1604603 (M.D. Pa. Apr. 12, 2024)................................................................3

*McRoberts v. Phelps*,
    391 Pa. 591 (1958).........................................................................................................3

*Odyssey Contracting, Corp. v. Hercules Painting Co., Inc.*,
    No. 2:17-c-v1255, 2022 WL 5237196 (W.D. Pa. Sep. 2, 2022)....................................5

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)...........................................................................................2

*Snellbaker v. Herrmann*,
    462 A.2d 713 (Pa. Super. Ct. 1983)...............................................................................3

**Statutes**

Video Privacy Protection Act, 18 U.S.C. § 2710.....................................................................1, 2

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6)......................................................................1, 2

Defendant MVD Entertainment Group ("Defendant" or "MVD") respectfully submits this Memorandum of Law in support of its Motion for an order pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) dismissing Plaintiff Joseph Mull's ("Plaintiff") First Amended Class Action Complaint (ECF No. 19; "FAC") in full and with prejudice.

## I.    INTRODUCTION

Plaintiff accuses MVD, through Co-Defendant Old School Ventures ("Old School"), a supposed joint venture with Co-Defendant Gotham Distributing Corporation ("Gotham"), of violating the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), by using the Meta Pixel on oldies.com, as well as making a mailing list available for rental or purchase.

The arguments raised by Old School in its Motion to Dismiss and supporting Memorandum of Law apply equally to Plaintiff's claims against MVD. As such, MVD incorporates herein by reference the arguments set forth by Old School in its Motion to Dismiss and Memorandum of Law and based upon those arguments, asks this Court to dismiss the FAC as against MVD.

Plaintiff also fails to state a claim against MVD because Old School is not a joint venture between MVD and Gotham, and Plaintiff fails to allege any factual basis upon which to rest his claims that MVD violated the VPPA through Old School's website oldies.com. For each and all of these reasons, the Court should grant MVD's Motion to Dismiss the FAC.

## II.    FACTUAL BACKGROUND

The facts set out by Old School in its Motion to Dismiss and supporting Memorandum of Law apply equally to Plaintiff's claims against MVD. As such, MVD incorporates herein by reference those facts.

In addition, MVD owns and operates its own full-service music and movie distribution company from a 30,000-square-foot warehouse in Pennsylvania. *See* FAC at ¶ 18. Plaintiff alleges that "[i]n or around 2023, Defendants Gotham and MVD entered into a joint enterprise to form a

new music and film direct-to-consumer business under the name" of Old School. *Id.* ¶ 20. Plaintiff concludes that "[t]hus, since March 29, 2023, Defendants Gotham and MVD have jointly owned, operated, controlled, and directed every aspect of Defendant [Old School]'s business and day-to-day activities," exercised full control over Old School, and is otherwise responsible for Old School's conduct underlying Plaintiff's claims. *Id.* This is the full extent of Plaintiff's allegations specifically as to MVD.

### III.  LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires that a plaintiff makes sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[L]abels and conclusions, and a formulaic recitation of the elements" of claims will not suffice. *Twombly*, 550 U.S. at 555. A court must take all of the well-pled factual allegations in the complaint as true but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must make "some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation" to survive a motion to dismiss. *Phillips v. County of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008) (dismissing claim for failure to plead element of cause of action).

### IV.  ARGUMENT

In addition to the arguments set out by Old School in its Motion to Dismiss and supporting Memorandum of Law, which are incorporated here, Plaintiff has failed to adequately allege that MVD violated the VPPA because Plaintiff does not plausibly allege that Old School is a joint

2

venture between MVD and Gotham or that MVD in any way controls Old School or is responsible for oldies.com.

### A. The FAC Does Not Plausibly Allege that Old School is a Joint Venture between MVD and Gotham

Under Pennsylvania law, a joint venture is a creation of contract, and parties must intend its formation. A joint venture "is not a status created or imposed by law; it is a relationship voluntarily assumed and arising wholly from contract. Whether persons have engaged in it must depend primarily upon their intention as expressed in their agreement and the construction they have placed upon it." *Snellbaker v. Herrmann*, 462 A.2d 713, 716 (Pa. Super. Ct. 1983) (citation omitted). From the start, Plaintiff fails to allege that Old School is a joint venture because the FAC does not allege any contract between MVD and Gotham.

Plaintiff also fails to allege that Old School is a joint venture that "may be implied from the acts and conduct of the parties." *Fuhrman v. Mawyer*, 2024 WL 1604603, at *11 (M.D. Pa. Apr. 12, 2024) (citing *McRoberts v. Phelps*, 391 Pa. 591, 598–99 (1958)). There are four factors that a Plaintiff must allege to establish the existence of a joint venture through conduct:

> (1) each party to the venture must make a contribution, not necessarily of capital, but by way of services, skill, knowledge, materials or money; (2) profits must be shared among the parties; (3) there must be a 'joint proprietary interest and right of mutual control over the subject matter' of the enterprise; and (4) usually, there is a single business transaction rather than a general and continuous transaction.

*McRoberts*, 391 Pa. at 599; *see also Beavers v. W. Penn Power Co.*, 436 F.2d 869, 873 (3d Cir. 1971). The absence of <u>even one element</u> is fatal to the existence of a joint venture. *See Combustion Sys. Servs. v. Schuylkill Energy Res.*, No. 92-4228, 1993 U.S. Dist. LEXIS 17714, at *9 (E.D. Pa. Dec. 1, 1993).

None of these elements are alleged in the FAC, which only blithely claims that Old School is a "joint venture" by Gotham and MVD, and that the two "jointly owned, operated, controlled,

3

and directed every aspect of Defendant [Old School]'s business and day-to-day activities." (FAC ¶¶ 20–21). Plaintiff provides no facts whatsoever in support of these assertions.

### 1) The FAC Does Not Allege Any Contributions by MVD to Old School

Simply put, the FAC includes no allegations about contributions by MVD to Old School. MVD imagines that Plaintiff may argue that they have alleged such contributions by stating that Old School's principal place of business is at the same address as MVD's former headquarters. *See id.* ¶ 19. However, this argument falls flat. Not only does the FAC not directly allege that MVD contributed this space to Old School, but even if it had, it would still fail to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. Moreover, even if the FAC were amended to allege, for instance, that MVD owns the property at this address and that MVD has an agreement renting space in that building to Old School, such a relationship would not be a "contribution" establishing a joint venture, since a contribution "is given to the enterprise, with no guarantee of return." *Combustion Sys. Servs., Inc.*, 1993 U.S. Dist. LEXIS 17714 at *9–10. Consequently, Plaintiff fails to allege any contribution by MVD.

### 2) The FAC Does Not Allege That Old School's Profits Were Shared Between MVD and Gotham

Similarly, while Plaintiff alleges that Old School operates "for the purpose of enabling the two companies to collectively sell their respective products to consumers and then to monetize … the Personal Viewing Information of the persons who purchased those products," FAC ¶ 20, which itself is a conclusory allegation, it fails to allege that Old School shares any profit with either MVD or Gotham.

4

*3) No Joint Proprietary Interest or Right of Mutual Control*

The FAC alleges that "Defendants Gotham and MVD have jointly owned, operated, controlled, and directed every aspect of Defendant [Old School]'s business and day-to-day activities." *Id.* ¶ 20. However, it alleges no facts in support of this allegation. Plaintiff notes the use of the terms "we" and "us" in the oldies.com Privacy Policy while discussing the supposed joint venture, but never provides any quotes or even assertions that MVD is mentioned in that Policy. *Id.* ¶ 21; *cf. Odyssey Contracting, Corp. v. Hercules Painting Co., Inc.*, No. 2:17-c-v1255, 2022 WL 5237196, at *8 (W.D. Pa. Sep. 2, 2022) (finding no joint venture with Odyssey where bids were submitted by another party, contracts were issued to that other party, all payments were made by that party, and Odyssey had no authority to act on behalf of that party). These unfounded assertions are not enough to establish a joint venture.

*4) The FAC Does not Allege a Single Business Transaction*

The FAC says that "since March 29, 2023, Defendant [Old School] has exercised no independent control over its business activities." (proposed FAC ¶ 20). This allegation directly cuts against finding that there is a joint venture. Instead of a single transaction, it implies that the "transaction" is Old School's ongoing operation.

## V.   CONCLUSION

For all these reasons, as well as those laid out in Old School's Motion to Dismiss and Memorandum in Support, it is plain that MVD is not in control of Old School or oldies.com, and has not violated the VPPA, and the Court should dismiss Plaintiff's FAC, with prejudice.

|  |  |
|---|---|
| Dated: June 13, 2025 | BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP |

*/s/ Noelle B. Torrice*
Noelle B. Torrice (PA Bar No. 317928)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Email: ntorrice@beneschlaw.com

*Counsel for Defendant Old School Ventures, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 13, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                             */s/ Noelle B. Torrice*
                                                         Noelle B. Torrice (PA Bar No. 317928)