IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>GOTHAM DISTRIBUTING CORPORATION, MVD ENTERTAINMENT GROUP, AND OLD SCHOOL VENTURES, INC., INDIVIDUALLY AND COLLECTIVELY D/B/A OLDIES.COM<br><br>                Defendants. | NO. 2:24-cv-06083-GJP<br><br>JUDGE GERALD J. PAPPERT |

**REPLY IN SUPPORT OF DEFENDANT OLD SCHOOL VENTURES, INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

## **TABLE OF CONTENTS**

I.   Introduction ................................................................................................................. 1

II.  Argument .................................................................................................................... 2

    A.  The FAC Does Not Allege a Violation of the VPPA Due to
        Alleged Use of the Meta Pixel ................................................................... 2

        1.  The FAC Does Not Plausibly Allege That an Ordinary Person Could
            Identify Plaintiff and a Video He Purchased from Oldies.com ................. 2

        2.  The FAC Does Not Allege That Old School Knowingly Disclosed PII to
            Meta ........................................................................................................... 4

    B.  The FAC Does Not Allege a Violation of the VPPA Via the
        Alleged Mailing List .................................................................................. 6

III. Conclusion .................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................... 6

*Hughes v. Nat'l Football League*,
  2025 WL 1720295 (2d Cir. 2025) ................................................................................ 2, 3

*Hughes v. United Parcel Serv., Inc.*,
  639 F. App'x 99 (3d Cir. 2016) ....................................................................................... 5

*In re Hulu Privacy Litig.*,
  86 F. Supp. 3d 1090 (N.D. Cal. 2015) ............................................................................. 4

*Manza v. Pesi, Inc.*,
  2025 WL 1445762 (W.D. Wis. May 20, 2025) ................................................................ 7

*In re Nickelodeon Consumer Priv. Litig.*,
  827 F.3d 262 (3d Cir. 2016) ................................................................................ 2, 3, 6, 7

*Solomon v. Flipps Media, Inc.*,
  136 F.4th 41 (2d Cir. 2025) ................................................................................ 2, 3, 4, 7

**Statutes**

18 U.S.C. § 2710 ............................................................................................................. *passim*

Mich. Comp. Laws Ann. § 445.1712 (West) ....................................................................... 7, 8

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ...................................................................... 1

Defendant Old School Ventures, Inc. ("Old School") respectfully submits this Reply in support of its Motion (ECF No. 21; "Mot.") for an order pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) dismissing Plaintiff Joseph Mull's ("Plaintiff") First Amended Class Action Complaint (ECF No. 19; "FAC") in full and with prejudice.

## I.  INTRODUCTION

In his Opposition (ECF No. 29; "Opp."), Plaintiff stretches the allegations in his FAC to their absolute limit but still falls short of pleading a violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA").  Plaintiff does not contest that his FAC is missing several essential allegations.  He cannot, because he did not plead them in either his original Complaint (ECF No. 1) or in the FAC.

Plaintiff claims that the Meta Pixel shared his Facebook ID ("FID") with Meta when he made a purchase on Oldies.com is subject to the "ordinary person" standard employed by the Third Circuit (as well as the Second and Ninth Circuits).  Plaintiff most notably does not contest that his FAC fails to allege that his Facebook profile includes any information that would allow an ordinary person to identify him.  *See* Mot. at pp. 2, 8–9; Opp. at pp. 6, 7, 10.  Plaintiff also does not contest that his FAC fails to allege how an ordinary person could even find an FID in the first place.  *See* Mot. at p. 7; Opp. at p. 10.  Nor does Plaintiff contest that the Meta Pixel, not Old School, sends any information to Meta.  *See* Mot. at p. 9; Opp at pp. 7, 11. Each of these failures is a nail in the coffin for Plaintiff's Meta Pixel claim.

Plaintiff's claim that the Defendants shared personally identifiable information ("PII") via a Nextmark mailing list is likewise unsupported.  Most notably, Plaintiff does not contest that the screenshot he includes in the FAC ***does not show that any personal information was shared***.  *See* Mot. at 11; Opp. at pp. 13–14; FAC at ¶ 20.  Plaintiff's mailing list claim is buried by the absence of any supporting factual allegations.

1

## II.     ARGUMENT

### A.    The FAC Does Not Allege a Violation of the VPPA Due to Alleged Use of the Meta Pixel

#### *1.    The FAC Does Not Plausibly Allege That an Ordinary Person Could Identify Plaintiff and a Video He Purchased from Oldies.com*

It is uncontested that the "ordinary person" standard applies to interpret the meaning of PII under the VPPA. *See* Mot. at p. 5, Opp. at p. 5 (both citing *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262 (3d Cir. 2016)). However, where Old School provided in-depth reasoning guided by the only appellate decision to apply this standard, Plaintiff relies instead on a mishmash of inapposite cases and strained reasoning. The Court should apply the ordinary person standard as the Second Circuit did in its well-reasoned recent opinions in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025) as well as *Hughes v. Nat'l Football League*, 2025 WL 1720295 (2d Cir. 2025), and grant the Motion to Dismiss.[1]

"The [VPPA's] prohibition on the disclosure of [PII] applies only to the kind of information that would readily permit an ordinary person to identify a specific individual's video-watching behavior." *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d at 267. Furthermore, the VPPA only protects PII that "ties that person to particular videos that the person watched." *Id.* at 285. Plaintiff has not alleged either.

The allegations in the FAC are strained, and Plaintiff stretches them further in his Opposition, but to no avail. Plaintiff's argument that the FAC alleges that the Defendants use the Meta Pixel to disclose FIDs to Meta, *see* Opp. at 6, does not explain how an ordinary person would gain access to an FID that was disclosed "to Meta" or how that "ordinary person" would know

---

[1] Plaintiff spins his wheels for a considerable time attempting to distinguish *Flipps Media*; however, the Second Circuit's decision in *Hughes v. Nat'l Football League*, issued after Old School filed its Motion, reaffirms the clear, well-considered manner of applying the ordinary person standard that this Court should likewise employ.

2

what the FID was. *Id.*; *see also Hughes v. Nat'l Football League*, 2025 WL 1720295, at *2–3. Nor does Plaintiff even try to explain how an "ordinary person" could identify the title of a video from the kind of code shown in the FAC. *See* FAC at ¶ 80. They could not. *See Solomon*, 136 F.4th at 54.

Moreover, Plaintiff does not adequately allege that an ordinary person, even if they overcame the hurdles to finding an FID and a video title, could use the FID to identify a specific individual and tie "that person to particular videos that the person watched." *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d at 285. In fact, the FAC is "devoid of any details about how an ordinary person would use an FID to identify [Plaintiff]." *Solomon*, 136 F.4th at 54. The FAC does not allege that accessing a facebook.com URL and adding an FID "reveals the corresponding Facebook user's 'first and last name, birth date, gender, and phone number or email address'" as Plaintiff claims. Opp. at 6. All that the FAC says is that "To create a Meta account, a person must provide, inter alia, his or her first and last name, birth date, gender, and phone number or email address." FAC at ¶ 4. The FAC does not say that any of this information is displayed on a Facebook profile except for the name. *See id.* Moreover, the FAC does not allege, and Plaintiff points to nothing to show, that **Plaintiff's** Meta account reflects any of this information about him. *See* Opp. at pp. 6, 7, 10.

However Plaintiff tries to rework his allegations in the Opposition, the fact of the matter is that his FAC does not allege that searching for an FID is enough to enable an "ordinary person" to identify a "specific individual" under *In re Nickelodeon*, and certainly not that it is enough to identify him. *See Hughes v. Nat'l Football League*, 2025 WL 1720295, at *3 ("'[P]ersonally identifiable information' encompasses information that would allow an ordinary person to identify

3

a consumer's video-watching habits, but not information that only a sophisticated technology company could use to do so.") (quoting *Solomon*, 136 F.4th at 52).

Plaintiff's supposed "one-step process" is hardly that. Opp. at p. 10. He omits the fact that to follow this process, a person would need to: (1) know what an FID is; (2) know how to find it; (3) access the code where the FID is found; (4) decipher that code to obtain the FID; (5) know how to use the FID in conjunction with a Facebook URL; (6) execute Plaintiff's "one-step process"; (7) access the Facebook profile despite any privacy settings in place; and (8) discern whether the Facebook profile accurately reflected a person's identity. Even after all of that was done, they would still be unable to confirm whether that Facebook profile was the profile of the person who made the purchase. And on top of all of that, there is the fact that Plaintiff only alleges that the Meta Pixel provides the information to Meta—which means that anyone else would have to have intercepted the data being sent to Meta. Plaintiff alleges none of this, and he cannot.

In sum, Plaintiff has not alleged facts sufficient to support a finding of PII because nothing in the FAC supports the necessary finding that an ordinary person could use the Meta Pixel to specifically identify Plaintiff and connect his identity to a specific video purchased from Oldies.com.

### 2. *The FAC Does Not Allege That Old School Knowingly Disclosed PII to Meta*

Plaintiff does not contest that the VPPA "'views disclosure from the perspective of the disclosing party' and 'looks to what information a video service provider discloses, not to what the recipient of that information decides to do with it.'" *Solomon*, 136 F.4th at 51. *See* Mot. at p. 10. Nor does he allege that Old School sent his identity to Meta or that Old School *knew* that Meta might "read" the FID and the title of the video he allegedly purchased together. *In re Hulu Privacy Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015). This failure separately dooms his claim.

4

In fact, it is uncontested that any alleged transmission of information from Oldies.com to Meta was made by the Meta Pixel. *See* Opp. at pp. 7, 11; FAC at ¶¶ 59, 98. While Plaintiff cites to "courts across the nation," *id*. at p. 11, he notably lacks any citations to appellate authority or decisions from courts in this Circuit affirming his position that the VPPA confers liability on a defendant that did not actually disclose PII.

Plaintiff's FAC is especially lacking as to Old School, as he claims that "since March 29, 2023, [Old School] has exercised no independent control over its business activities." FAC at ¶ 20. While Old School disagrees with Plaintiff's characterization of its relationship with the other Defendants, the allegations in the FAC, taken as true, do not support any finding that Old School made any knowing disclosures.

Plaintiff's Opposition newly argues that "[u]nder principles of joint and several liability, all Defendants are responsible for the knowing disclosures made through their collective business operations." Opp. at p. 12. Plaintiff does not advance this basis for liability anywhere in his Complaint or his FAC, and Plaintiff cannot use it now to salvage his poorly-pleaded complaint. *Hughes v. United Parcel Serv., Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (cleaned up). Plaintiff's attempts to distinguish cases on the basis that they were more factually developed also fall short. *See* Opp. at p. 13. His arguments amount to telling the Court that it should overlook the fact that Plaintiff has not adequately pleaded his allegations because that is better left until later in the case. It is not. Plaintiff does not request leave to amend a second time, and he should not get another bite at the apple.

5

### B. The FAC Does Not Allege a Violation of the VPPA Via the Alleged Mailing List

Plaintiff claims that the Defendants violated the VPPA based on the Nextmark mailing list, precariously "supporting" his claim by including a single screenshot in the FAC. To prove his mailing list claim, Plaintiff is still required to allege the disclosure of PII under the "ordinary person" standard. *See In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d at 285. This claim fails because neither Plaintiff's bare assertions nor the screenshot in the FAC establish that any PII was disclosed.

To the extent that Plaintiff's allegations simply assert that "personally identifiable information was later rented, sold, or otherwise disclosed" via the mailing list, FAC at ¶ 50, they are precisely the kind of "formulaic recitation of the elements" that the U.S. Supreme Court has held insufficient to state a claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The only independent factual allegations that Plaintiff makes are based on a screenshot that he also includes in the FAC. *See* FAC at ¶ 51. However, this screenshot does not actually show that any personal information was disclosed.

Plaintiff claims for the first time in his Opposition that "To even permit this homing in with respect to customer information, Defendants would have to first disclose this personally identifiable information to Nextmark for classification and filtering." Opp. at p. 14. He also notes that "Defendants have offered no allegations to the contrary." *Id*. But Plaintiff should know that the Parties are meant to be limited to the face of the complaint at this stage (notwithstanding Plaintiff's many new allegations). Regardless, Plaintiff's own statement belies his position. It is Plaintiff's burden to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He has not.

6

Plaintiff's appeals to courts in other jurisdictions and brought under other statutes are unavailing. *See* Opp. at 14. The only VPPA case Plaintiff cites is the unpublished decision in *Manza v. Pesi, Inc.*, 2025 WL 1445762 (W.D. Wis. May 20, 2025). This case attacked the ordinary person standard espoused by the Third and Second Circuits in *In re Nickelodeon* and *Flipps Media* at length and ultimately declined to adopt it. But this Court cannot do the same. *In re Nickelodeon* is binding precedent, and Plaintiff cannot avoid the proper outcome by attempting to circumvent the ordinary person standard adopted by the jurisdiction where he chose to file his case. Moreover, specifically as to the "data card" theory, the *Manza* court stated that the allegations were barely enough to state a plausible claim. *See* 2025 WL 1445762 at *11. Old School disagrees that they were enough at all, but even if they were, the claims here are even weaker. Notably, in *Manza*, where the sold videos related to various healthcare topics, "[t]he screenshot also state[d] that a purchased mailing list can include the customer's 'course heading,' so it is reasonable to infer that both Manza's name and the name of the video she purchased was disclosed." *Id*. In contrast, the screenshot in the FAC shows nothing remotely similar that supports an inference that the mailing list includes the names of specific people or of specific videos purchased on oldies.com. *See* FAC at ¶ 80. Even this one additional failing is enough to tip Plaintiff's claims into the category of insufficient.

The remainder of the (again, largely unpublished) cases that Plaintiff cites, *see* Opp. at pp. 14–15, are likewise unavailing. These cases differ from the instant case in three key ways. First, they were brought under Michigan's Preservation of Personal Privacy Act ("PPPA"), not the VPPA—the VPPA imposes a higher bar. The PPPA prohibits disclosing "a record or information that personally identifies the customer as having purchased, leased, rented, or borrowed" materials, Mich. Comp. Laws Ann. § 445.1712 (West), while the VPPA prohibits disclosing "information

7

which identifies a person as having requested or obtained specific video materials or services." 18 U.S.C. § 2710. In other words, it is enough that the person is identified for the PPPA, while the VPPA requires identification of both the person *and* the specific video materials. The latter is a higher bar, and Plaintiff has not surmounted it.

For these reasons, Plaintiff fails to allege a violation of the VPPA based on the alleged disclosure of the Nextmark mailing list.

### III.   CONCLUSION

For the foregoing reasons and those discussed in Old School's Motion to Dismiss, Old School respectfully requests that the Court dismiss Plaintiff's FAC.

Dated: July 23, 2025

BENESCH, FRIEDLANDER, COPLAN
    & ARONOFF LLP

*/s/ Noelle B. Torrice*
Noelle B. Torrice (PA Bar No. 317928)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Email: ntorrice@beneschlaw.com

*Counsel for Defendant Old School Ventures, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 23, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                          */s/ Noelle B. Torrice*
                                        Noelle B. Torrice (PA Bar No. 317928)