# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>GOTHAM DISTRIBUTING CORPORATION, MVD ENTERTAINMENT GROUP, AND OLD SCHOOL VENTURES, INC., INDIVIDUALLY AND COLLECTIVELY D/B/A OLDIES.COM<br><br>  Defendants. | NO. 2:24-cv-06083-GJP<br><br>JUDGE GERALD J. PAPPERT |

**REPLY IN SUPPORT OF DEFENDANT MVD ENTERTAINMENT GROUP'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

Contents
I.  INTRODUCTION ................................................................................................. 1
II. ARGUMENT ........................................................................................................ 2
    A.    Plaintiff's New Alter Ego and Vicarious Liability Theories are Entirely Inappropriate and Unsupported by the Allegations in the FAC ............................................................................................................. 2
    B.    Plaintiff's References to the FAC Do Not Support Finding That Old School is a Joint Venture Between MVD And Gotham ................................. 5
III. CONCLUSION .................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)..................................................................................................................5

*Bd. of Trustees Local 863 Pension Fund v. Foodtown, Inc.*,
　296 F.3d 164 (3d Cir. 2002)......................................................................................................5

*Capital Inv. Funding, LLC v. Lancaster Res., Inc.*,
　No. 08-cv-4714, 2009 U.S. Dist. LEXIS 51809 (D.N.J. June 17, 2009)..................................4

*Hughes v. United Parcel Serv., Inc.*,
　639 F. App'x 99 (3d Cir. 2016) ................................................................................................2

*McRoberts v. Phelps*,
　391 Pa. 591 (1958)....................................................................................................................6

*Popa v. Harriet Carter Gifts, Inc.*,
　426 F. Supp. 3d 108 (W.D. Pa. 2019).......................................................................................3

*Snellbaker v. Herrmann*,
　462 A.2d 713 (Pa. Super. Ct. 1983)..........................................................................................5

*Streamline Bus. Servs., LLC v. Vidible, Inc.*,
　2015 WL 3477675 (E.D. Pa. June 2, 2015).........................................................................6, 7

*Ve Ticaret A.S. v. Powerrail Distrib., Inc.*,
　2024 U.S. Dist. LEXIS 53051 (M.D. Pa. March 25, 2024)......................................................2

**Statutes**

18 U.S.C. § 2710...........................................................................................................................1

**Other Authorities**

Federal Rules of Civil Procedure Rule 9(b).............................................................................4, 5

Federal Rules of Civil Procedure Rule 12(b)(6)..........................................................................1

Defendant MVD Entertainment Group ("MVD") respectfully submits this Reply in support of its Motion for an order pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) dismissing Plaintiff Joseph Mull's ("Plaintiff") First Amended Class Action Complaint (ECF No. 19; "FAC") in full and with prejudice. (ECF No. 27; "Mot."). For the sake of judicial efficiency, MVD incorporates the Reply of Co-Defendant Old School Ventures, Inc. ("Old School").

## I. INTRODUCTION

Plaintiff's Opposition (ECF No. 29) introduces a host of new arguments and allegations that are simply not alleged or pled in the FAC. Specifically, the bulk of Plaintiff's argument is devoted to claiming that MVD may be held liable under theories of alter ego and vicarious liability. Yet, even if the Court considers these unpled allegations (and it should not), they do not create a plausible inference that MVD violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA").

Notably, the Opposition, despite adding a laundry list of new arguments and allegations, still has practically nothing of substance to say about MVD. *See* Mot. at p. 1–2. The Court should not consider the 2024 version of the Oldies.com Privacy Policy as it is not incorporated by reference in Plaintiff's May 2025 FAC and Plaintiff has not provided a proper basis for requesting that the Court take judicial notice. However, it is undisputed regardless that MVD is not named in either Privacy Policy, and Plaintiff's new reference to the Privacy Policies does not in any way contest this. *See* Opp. at p. 18.

Moreover, the FAC only asserts that MVD is liable as part of a supposed "joint venture" with Co-Defendant Gotham Distributing Corporation ("Gotham"). FAC at ¶¶ 22, 20. Plaintiff does not dispute that there is no written or oral joint venture contract between MVD and Gotham. *See* Mot. at p. 3; Opp. at pp. 20–21. Plaintiff cites to the FAC several times to argue that the FAC supports other elements of a joint venture, but as discussed in more detail below, the FAC does

not say what Plaintiff claims it says, and Plaintiff does not point to any factual allegations to support the assertions in the FAC. He cannot sustain his claim with these conclusory statements.

## II.   ARGUMENT

### A.   Plaintiff's New Alter Ego and Vicarious Liability Theories are Entirely Inappropriate and Unsupported by the Allegations in the FAC

Most of Plaintiff's argument is devoted to arguing that, independent of joint venture liability, MVD could be held liable under theories of alter ego and vicarious liability to "pierc[e] the corporate veil." *See* Opp. at pp. 15–19. Plaintiff's arguments should be rejected for three reasons.

First, Plaintiff notes that "MVD does not address either of these theories in its Motion." *Id*. at p. 16. This is true. But it is true ***because Plaintiff does not allege either of those theories in his FAC***. Plaintiff cites various paragraphs of his FAC, but all of his citations are to allegations regarding the supposed joint venture between MVD and Gotham. *See id*. at pp. 15–21. "Plaintiff cannot boot strap this discreet and unpled theory into its [joint venture] claim absent a further amendment to its complaint." *Epsilon-NDT Endustriyel Kontrol Sistemleri sanayi Ve Ticaret A.S. v. Powerrail Distrib., Inc.*, 2024 U.S. Dist. LEXIS 53051, *16 (M.D. Pa. March 25, 2024). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Hughes v. United Parcel Serv., Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016). Thus, the Court should not consider Plaintiff's new theories of liability; however, even if it does, Plaintiff still fails to state a claim against MVD.

Specifically, and in tacit recognition that the allegations in his FAC are insufficient regarding his new theories, Plaintiff improperly tries to add new allegations about Defendants and requests that the Court consider the 2024 and 2025 versions of the Oldies.com Privacy Policy. *See* Opp. at pp. 17–18. To start with, Plaintiff never mentions the 2024 Privacy Policy in his FAC.

2

The Court should not take notice of it since it clearly is not a "'document integral to or explicitly relied upon in the complaint.'" *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 113 (W.D. Pa. 2019) (*citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

More importantly, even if the Court considers the 2024 Privacy Policy, the simple fact that Plaintiff glosses over is that **MVD is never mentioned in that document**—only Gotham and Old School are. *See* Opp. at p. 18. Plaintiff argues that the 2024 Privacy Policy mentions Gotham and that this, "coupled with Defendant MVD's participation in the joint venture," is sufficient to support the inference that term "affiliate" refers to MVD. *Id*. It does not. This argument begs the question by relying on the incorrect assumption that there that was a joint venture between Gotham and MVD to support the "inference" that Gotham and MVD were affiliates. There was no joint venture, and whether the oldies.com Privacy Policy used the term "affiliates" does not prove, or even suggest, that MVD had any connection to oldies.com.

Ultimately, even if the Court considers Plaintiff's unpled alter ego and vicarious liability theories (it should not), and even if the Court considers the 2024 Privacy Policy (it should not), it does not change the fact that MVD is never mentioned in the 2024 Privacy Policy. Instead, Plaintiff simply repeats his conclusory allegation that MVD was part of a "joint venture" with Gotham. Opp. at p. 18.

Plaintiff recognizes that the alter ego theory of liability properly applies where a shareholder or parent corporation is at risk of getting away with, e.g., "fraud, illegality, or injustice." Opp. at p. 16 (*citing Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001). Plaintiff alleges no part of this. The FAC never alleges that MVD is a parent company or shareholder of either Co-Defendant, nor that there is fraud or injustice here. Even if the Court considers the 2024 Privacy Policy, it provides no basis for concluding that MVD is a parent

3

company or shareholder of either Co-Defendant since it does not refer to MVD. Plaintiff's inability to plead even these most basic elements of the theory demonstrates the degree to which Plaintiff is grasping at straws to manufacture some claim against MVD.

The same is true of Plaintiff's new vicarious liability theory. Plaintiff claims that "An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." Opp. at 19 (citing *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1434 (3d Cir. 1994)). Plaintiff's allegations in the FAC, however, do not support this. The FAC never claims that MVD consented to have any other Co-Defendant act on its behalf. On the contrary, Plaintiff simultaneously (though equally baselessly) claims that Old School exercises no self-control. *See* FAC ¶ 20.

Plaintiff makes no *factual* allegations supporting either of these theories of liability, but contradictions like this demonstrate that Plaintiff is simply desperate to keep as many of the Co-Defendants involved in this suit as possible. That is not a sufficient basis to find that he has plausibly alleged a claim against MVD.

Finally, even if the Court were to consider Plaintiff's unpled theories of alter ego and vicarious liability, dismissal is appropriate. As Plaintiff notes, the corporate form may be disregarded to prevent fraud or illegality when the entity is merely a "façade." *See* Opp. pg. 16 (citing standard). But to adequately state a claim under these theories, Plaintiff must meet the heightened pleading requirements for fraud under Rule 9(b). *See Capital Inv. Funding, LLC v. Lancaster Res., Inc.*, No. 08-cv-4714, 2009 U.S. Dist. LEXIS 51809, *14 (D.N.J. June 17, 2009) ("Piercing the corporate veil, in this case, is subject to the heightened pleading standard of Rule 9(b) because it is grounded in allegations of fraud.") (citing *Bd. of Trustees Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n.10 (3d Cir. 2002) ("When a cause of action seeks to

4

pierce the corporate veil on the basis of fraud, it is subject to Fed. R. Civ. P. 9(b).")). Even granting significant leeway to Plaintiff's lax pleading and supposed "incorporation by reference" of the 2024 Privacy Policy, Rule 9(b) demands that Plaintiff provide "some measure of substantiation" regarding the allegations of fraud. *Foodtown, Inc.*, 296 F.3d at 173 n.10. But Plaintiff provides none as MVD is not mentioned anywhere in the document upon which Plaintiff bases his unpled claims of alter ego and vicarious liability.

Plaintiff's FAC is not well-pled. He attempts to save it by just now adding new allegations, introducing new documents that do not even mention MVD, and making entirely new claims out of whole cloth. He has had not one but two chances to plead his claim for joint venture liability adequately, and he has failed.

**B.     Plaintiff's References to the FAC Do Not Support Finding That Old School is a Joint Venture Between MVD And Gotham**

Plaintiff does not deny that a joint venture is, first and foremost, created by contract by parties intending its formation. *See Snellbaker v. Herrmann*, 462 A.2d 713, 716 (Pa. Super. Ct. 1983) (citation omitted); Mot. at p. 3. Nor does he allege that there was a verbal or written contract to that effect between the Defendants. *See* Opp. at pp. 20–21. The Court should end its analysis here and find that there is no joint venture among the Defendants.

If the Court proceeds further and attempts to discern whether a joint venture was established through conduct, it will still find Plaintiff's allegations insufficient. Plaintiff is required to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). He tries to sidestep this burden by claiming that the Court should take a "flexible, fact-specific approach," Opp. at 20, but he so clearly fails to adequately plead his case that he asks the Court to bend so far it may break.

Where, as here, there is no contract between the parties, a plaintiff must allege four factors to establish the existence of a joint venture through conduct:

> (1) each party to the venture must make a contribution, not necessarily of capital, but by way of services, skill, knowledge, materials or money; (2) profits must be shared among the parties; (3) there must be a 'joint proprietary interest and right of mutual control over the subject matter' of the enterprise; and (4) usually, there is a single business transaction rather than a general and continuous transaction.

*McRoberts v. Phelps*, 391 Pa. 591, 599 (1958). Plaintiff's case of choice, *Streamline Bus. Servs., LLC v. Vidible, Inc.*, 2015 WL 3477675 (E.D. Pa. June 2, 2015), employs the same factors. *See* Opp. at 20. Plaintiff does not allege these factors.

First, while Plaintiff claims that "[t]he FAC alleges Defendant Gotham provided operational support for the www.oldies.com website," *id.* at p. 21, he clearly misstates Paragraph 21 of the FAC. Nothing in Paragraph 21 of the FAC mentions Gotham or says anything about who provides operations support for Oldies.com. And as explained above, Plaintiff cannot rely on the 2024 policy that he mentions for the first time in his Opposition. *See supra*, § II.A. Second, Plaintiff again misstates the FAC, this time at Paragraph 19, when he claims that "the FAC alleges Defendant MVD contributed physical space for the joint venture to operate within its warehouse." Paragraph 19 of the FAC does not allege that MVD contributed physical property, only that OSV has a principal place of business at MVD's former headquarters. *See* FAC at ¶ 19. Nor does Paragraph 20 of the FAC allege joint operations at MVD's facilities as Plaintiff claims. *See* Opp. at p. 21. In fact, Paragraph 20 does not mention the facilities at all. *See* FAC at ¶ 20. Third, none of the paragraphs of the FAC that Plaintiff identifies allege that the Defendants shared profits among them. *See* Opp. at p. 21, referring to FAC at ¶¶ 7, 43, 97. Plaintiff's failure to allege any one of these factors would be sufficient to put his joint venture claim to rest, and his failure to allege all of them is more than enough because Plaintiff has "failed to offer any probative evidence

as to the nature of the[] relationship." *Streamline Bus. Servs., LLC v. Vidible, Inc.*, 2015 WL 3477675, at *4 (citing *Richardson v. Walsh Const. Co.*, 334 F.2d 334, 336 (3d Cir.1964)).

### III. CONCLUSION

For the foregoing reasons and those discussed in Old School's Motion to Dismiss and its Reply brief, MVD hereby respectfully requests that the Court dismiss Plaintiff's FAC as to MVD.

Dated: July 23, 2025    BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

*/s/ Noelle B. Torrice*
Noelle B. Torrice (PA Bar No. 317928)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Email: ntorrice@beneschlaw.com

*Counsel for Defendant MVD Entertainment Group*

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 23, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                _/s/ Noelle B. Torrice_
                Noelle B. Torrice (PA Bar No. 317928)